364 P.2d 1023

IRON COUNTY, a body corporate and politic of the State of Utah, Plaintiff,

v.

Sherman J. PREECE, Auditor of the State of Utah, and D. K. Moffat, J. W. Rowberry and Clair M. Hopkins, as members of the Commission of Finance for State of Utah, Defendants.

No. 9464.

Supreme Court of Utah.

Sept. 27, 1961.

Orville Isom, Cedar City, for plaintiff.

Walter L. Budge, Atty. Gen., Richard R. Boyle, Robert S. Campbell, Jr., Asst. Attys. Gen., for defendants.

WADE, Chief Justice.

This matter is here upon the refusal of defendants, the Auditor and the members of the Finance Commission for the State of Utah, to reimburse Iron County for moneys expended for fees paid to grand jurors and witnesses summoned to testify before a grand jury called by the Fifth District Court in and for Iron County.

The question to be determined is whether the county in which the grand jury is called or the State of Utah is obligated to pay the fees of grand jurors and witnesses summoned to attend the grand jury.

Title 21, Chapter 5, U.C.A.1953, deals with fees of grand and trial jurors and witnesses. Section 21–5–6, U.C.A.1953, provides that the clerk of the district court shall upon discharge of a grand juror or a witness subpoenaed on behalf of the state, issue to such grand juror or witness a certificate containing information of the time and places of service and the amount due to such juror or witness. Section 21–5–7 provides for the payment of certificates certified as correct by the county attorney for jurors and witnesses in "criminal causes" upon presentation to

the county auditor, payment to be made by the county treasurer from a special fund for such purposes upon a warrant issued by county auditor. Section 21–6–5, U.C.A. 1953 provides for payment by the state of certificates issued by the clerk of the district court for "mileage and attendance of grand jurors, for mileage and attendance of trial jurors engaged in the trial of criminal causes in the district court, and for mileage and attendance of witnesses summoned by or on behalf of the state in criminal causes *in the district court*." (Emphasis ours.)

It would appear that the legislature has provided for the payment of fees for both grand and trial jurors and for witnesses summoned to appear either before a grand jury or a trial of a criminal case in the district court but to have limited the payment by the state to grand and trial jurors and witnesses summoned on behalf of the state in criminal causes in the district court. Under the provisions of this section, the state is therefore not obligated to pay the fees of witnesses summoned to appear before the grand jury, but it is obligated to pay the fees of the grand jurors.

Since witnesses summoned to appear before grand juries are not included in the provision for payment by the state, and since it clearly appears to be the intention of the legislature that such witnesses be paid a fee but has failed to mention such witnesses specifically in any section referring to payment, the legislature must have intended that the payment be made by the county under the provisions of Section 21–5–7 wherein is provided payment for witnesses summoned to appear in "criminal causes." This appears to us to be the logical interpretation of that term as used in that section in view of the fact that a grand jury is a body "to which is committed the duty of inquiring into crimes committed in the county from which its members are drawn." [1] Such an interpretation of the meaning of the term "criminal causes" makes it possible to give effect to the mandate of the legislature that such witnesses be paid a fee and avoids the unreasonable conclusion that the legislature provided fees for such witnesses but failed to provide for payment of such fees.

No costs.

HENRIOD, McDONOUGH, CALLISTER and CROCKETT, JJ., concur.

1. 24 Am.Jur., Grand Jury page 832, Sec. 2.